UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04224-RGK-AGR | Date | June 10, 2020 |
|---|---|---|---|
| Title | *GOLDEN FISH LLC et al., v. FAA BEVERLY HILLS, INC. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER Remanding Action to State Court

## I. INTRODUCTION

On March 25, 2020, Golden Fish, LLC and Kirill Kiryanov ("Plaintiffs") filed a complaint against FAA Beverly Hills, Inc. dba Beverly Hills BMW and BMW of North America, LLC ("Defendants"). Plaintiffs alleged violations of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301 *et seq.*), California Vehicle Code §5753 for failure to deliver title, fraud, and intentional infliction of emotional distress. Plaintiff's allegations arise from the sale of a vehicle from Defendant.

On May 8, 2020, BMW of North America removed the action to this Court on federal question grounds. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1331, a district court shall have original jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." A federal question claim brought under the Magnuson-Moss Warranty Act also requires that the amount-in-controversy exceeds "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount-in-controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04224-RGK-AGR | Date | June 10, 2020 |
|---|---|---|---|
| Title | *GOLDEN FISH LLC et al., v. FAA BEVERLY HILLS, INC. et al.* | | |

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

Plaintiff seeks restitution for all money paid, incidental and consequential damages, civil penalties, reasonable attorneys' fees, prejudgment interest, and any other relief the court finds appropriate. In the Notice of Removal, Defendant asserts that Plaintiff's Magnuson-Moss claim arises out of federal law and that the amount-in-controversy exceeds $50,000. In support, Defendant states that Plaintiff seeks damages of at least $83,995.00 for the rescission of the purchase contract in addition to reasonable attorneys' fees and civil penalties.

Defendant, however, fails to plausibly allege that the amount-in-controversy exceeds $50,000, much less demonstrate the requirement has been met, by a preponderance of the evidence. A review of the complaint shows it is unclear if Plaintiff seeks rescission of the entire purchase contract or only a portion of it. However, even if Plaintiff seeks a rescission of the entire contract, the current value of the vehicle and the beneficial use by the Plaintiff must be accounted for. *See Moreno v. GM Co.*, No. 2:09-cv-00602 JWS, 2010 U.S. Dist. LEXIS 3672, at *8–9 (D. Ariz. Jan. 15, 2010). Hence, the true amount in controversy would "equal only the difference between the price of the new car and the worth of the allegedly defective car, reduced by his beneficial use of the defective car." *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405-406 (7th Cir. 2004). Yet, Defendant fails to indicate the current value of the car and the number of miles Plaintiff drove from receiving the title until present. Without this information, and based on the allegation that Plaintiff purchased the vehicle nearly a year ago, the Court is left with considerable doubt as to the amount-in-controversy. *See Tokmakova v. Volkswagen Group of Am., Inc.*, 12-cv-04666 SJO, 2012 U.S. Dist. LEXIS 109164, at *7 (C.D. Cal. Aug. 1, 2012). This stands true, even taking the other claims into consideration.

When a plaintiff brings a Magnuson-Moss Warranty Act claim pursuant to state law protections, courts look to the state law to determine the remedies available. *Schimmer,* 384 F.3d at 405 (7th Cir. 2004). *See also Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th Cir. 2004). In its Notice of Removal, Defendant claims that the amount in controversy includes Plaintiff's request for attorneys' fees and civil penalties available under the Song-Beverly Act. However, Plaintiff does not invoke the Song-Beverly Act in her complaint. Without a claim under the Song-Beverly Act, Plaintiff's request for attorneys' fees are simply a request for "costs and interests" within the definition of the Magnunson-Moss Warrant Act, which are excluded from the amount-in-controversy calculation. *Accord Moreno*, 2010 U.S. Dist. LEXIS 3672, at *3 n.9 (D. Ariz. Jan. 15, 2010) (citing *Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, 1271–72 (11th Cir. 1998) (collecting authorities)). Moreover, even if remedies under the Song-Beverly Act were considered, civil penalties and attorney fees are too speculative, in light of the facts provided in the Complaint and Defendant's Notice of Removal.

Accordingly, the Court finds that Defendant has neither plausibly alleged that the amount in controversy has been met, nor satisfied its burden of demonstrating by a preponderance of the evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04224-RGK-AGR | Date | June 10, 2020 |
|---|---|---|---|
| Title | *GOLDEN FISH LLC et al., v. FAA BEVERLY HILLS, INC. et al.* | | |

that the amount-in-controversy meets the jurisdictional requirement in the Magnuson-Moss Warranty Act.

### III.  CONCLUSION

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer